### Ruiz, Recurrente, v. El Registrador de Guayama, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Guayama, denegando la inscripción de un expediente posesorio.

No. 365.—Resuelto en julio 27, 1918.

Expediente Posesorio—Citación del Fiscal y de los Colindantes de la Finca.—No constituye defecto alguno que impida la inscripción, el hecho de que no conste de los autos de un expediente posesorio que el fiscal fuera citado, si, como en el presente caso, aparece de los autos que efectivamente el fiscal compareció oportunamente dictaminando sin hacer oposición.

Id.—Título Escrito Inscribible.—En este caso el registrador opinó que era defecto insubsanable el "no alegar ni mucho menos acreditar causa alguna que impida a la promovente presentar el título de dominio escrito por el cual dice que adquirió la finca." *Se resolvió:* Que alegando, como alega, la promovente, que aunque había adquirido la finca por escritura pública, carecía de título escrito inscribible, esta circunstancia la coloca en condiciones de acojerse al beneficio de la información posesoria.

Id.—Cuando son Firmes las Resoluciones Finales de Expedientes Posesorios.—Cuando en la tramitación de un expediente posesorio no ha habido oposición de parte alguna, la resolución aprobando la información es firme desde el momento en que ha sido firmada por el juez.

Id.—Poseedor en Concepto de Dueño.—Se presume que posee en concepto de dueño la persona que aparece como contribuyente al Tesoro Insular, y cuando un juez municipal llega a dicha conclusión, el registrador no puede discutirla.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. F. Navarro Ortiz.*

El registrador recurrido, Sr. Pedro Gómez Lasserre, compareció en nombre propio.

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Elena Ruiz Ortiz, casada con Pedro López, promovió información ante la Corte Municipal de Cayey en 7 de marzo del corriente año 1918, para acreditar la posesión de una finca rústica de 9 cuerdas situada en el barrio "Pasto Viejo" de dicho pueblo.

Admitida y practicada la información la Corte Municipal de Cayey dictó resolución en 10 de abril de 1918 declarando justificado a favor de Elena Ruiz Ortiz el derecho de posesión sobre la finca descrita y ordenando la inscripción del referido derecho en el registro de la propiedad del distrito, sin perjuicio de tercero de mejor derecho.

El registrador de la propiedad del distrito de Guayama denegó la inscripción ordenada por medio de nota que dice así:

"Denegada la inscripción del documento que precede y extendida en su lugar anotación preventiva durante el término legal a favor de la promovente doña Elena Ruiz Ortiz, al folio 1 del tomo 36 de Cayey, finca número 1968, anotación letra A, por los defectos insubsanables siguientes: 1°. No expresarse en el mismo la naturaleza del derecho

que se trata de inscribir, de tal modo que no deje lugar a duda, pues no es posible juzgar si la finca que comprende pertenece a la sociedad de gananciales o si es propiedad exclusiva de la promovente. *Ramos v. El Registrador,* 18 D. P. R. 16. 2º. No aparecer en la cédula original para la citación de los colindantes y del fiscal el requisito necesario en todo expediente posesorio, de haber sido citado dicho funcionario, siendo además falta que impide la inscripción el que en el diligenciado de la citación no se haga constar que la persona que la practicó entregó a los colindantes de la finca copia de dicha citación, haciendo constar a su dorso, la fecha, y el sitio de la entrega o notificación, firmándola. Ley No. 8 A. L. P. R. 1915. *Delgado* v. *El Registrador,* julio 2, 1917, hoja suelta No. 400. 3º. No alegar ni mucho menos acreditar causa alguna que impida a la promovente presentar el título de dominio escrito por el cual dice que adquirió la finca. Artículo 391, 5º., de la L. H. y 437 de su Reglamento. Galindo, Ley Hipotecaria, 4, 596. Se hacen constar además los defectos subsanables de no acreditarse el estado civil de la promovente en la fecha de la adquisición del inmueble; de no aparecer de la certificación del Tesorero de Puerto Rico que la promovente paga contribución por la finca a título de dueño; de no estar certificada por el secretario la resolución de la corte recaída en el ameritado expediente, y de no ser firme la predicha resolución. Guayama, abril 30 de 1918. Pedro Gómez Laserre, Registrador.''

La nota transcrita aparece notificada en 2 de mayo de 1918 al presentante del documento Julio Navarro.

En 8 de mayo la representación de Elena Ruiz Ortiz presentó a la corte municipal certificación de su matrimonio con Pedro López, celebrado en 23 de junio de 1902, para acreditar que había adquirido la finca de que se trata durante su matrimonio con López y pidió se dictara resolución enmendando la primera a los efectos de corregir el defecto anotado por el registrador de la propiedad, y el juez enmendó en la misma fecha su resolución de 10 de abril de 1918, haciendo constar la circunstancia expresada.

El registrador por nota de 20 de mayo denegó la conversión de la anotación preventiva en inscripción definitiva por el fundamento de que la resolución enmendada de 8 de mayo sólo subsanaba el defecto consignado bajo el número 1º. en

su nota de 30 de abril, permaneciendo subsistentes los otros
dos en la misma relacionados, habiéndose notificado en la
misma fecha la nota del registrador a Julio Navarro, man-
datario verbal de Elena Ruiz Ortiz.

Contra la nota de 30 de abril de 1918, que como hemos
dicho antes fué notificada al presentante del documento en
2 de mayo siguiente, recurrió Elena Ruiz Ortiz, y a pedi-
mento del registrador recurrido desestimamos el recurso en
29 de junio próximo pasado fundándonos para ello en que los
documentos para su decisión con alegato escrito de la parte
recurrente habían sido presentados ante esta Corte Suprema
en 30 de mayo cuando ya había transcurrido el término de
veinte días que para la interposición del recurso señala la
sección 3ª. de la ley sobre recursos contra las resoluciones de
los registradores de la propiedad aprobada en marzo 1º.,
1902.

La representación de Elena Ruiz Ortiz ha solicitado re-
consideración de nuestra resolución de junio 29 alegando
para ello que si bien radicó su alegato en 30 de mayo ya
había presentado en 22 del mismo mes en la secretaría de
este Tribunal los documentos para la sustanciación del re-
curso, el cual por tanto había sido interpuesto dentro del
término de veinte días señalado por la ley.

Mediante un estudio detenido del récord hemos llegado a
la conclusión de que la parte recurrente tiene razón y que
por tanto debemos dejar sin efecto la resolución objeto de
reconsideración y considerar y resolver el recurso por sus
méritos como pasamos a hacerlo.

Los defectos insubsanables apuntados por el registrador
en su nota de 30 de abril de 1918 son tres, que se numeran
en dicha nota.

El primero de ellos, consistente en no expresarse en la
resolución de la Corte Municipal de Cayey de 10 de abril de
1918 la naturaleza del derecho que se trata de inscribir por

no ser posible juzgar si la finca que comprende pertenece a la sociedad de gananciales o si es propiedad exclusiva de la promovente, no existe pues Elena Ruiz Ortiz en el escrito inicial de la información expresó que entonces estaba casada con Pedro López y aunque no expuso que lo estuviera en la fecha en que adquirió la finca, o sea en 28 de julio de 1909, posteriormente subsanó ese defecto presentando certificación de la celebración de su matrimonio con López que se verificó en 23 de julio de 1902 o sea mucho antes de la compra de la finca, la cual aunque se inscriba a su favor ha de reputarse inscrita a favor de la sociedad de gananciales, según jurisprudencia ya establecida por esta Corte Suprema. *Figueroa* v. *El Registrador de Arecibo*, 24 D. P. R. 851, y *Longpré* v. *El Registrador de San Juan, Sección 1a.*, 24 D. P. R. 896.

El segundo defecto relativo a no aparecer que el fiscal y los colindantes hubieran sido citados no existe. No consta que el fiscal fuera citado, pero la falta de citación fué subsanada por el hecho de que el fiscal intervino en la información y dictaminó en ella sin hacer oposición alguna. Los colindantes fueron citados entregándoles copia de la notificación y enterándolos del contenido de ella según diligenciado que obra en autos jurado ante el Secretario de la Corte Municipal de Cayey por la persona que la hizo, Juan Aponte, mayor de edad y vecino de Cayey que no era parte ni tenía interés en el asunto. El caso de *Delgado* v. *El Registrador de Humacao,* 25 D. P. R. 486, no es igual al presente.

El tercer defecto, basado en no haberse alegado ni acreditado causa alguna que impida a la promovente presentar el título de dominio escrito en virtud del cual adquirió la finca, tampoco existe. Elena Ruiz Ortiz alegó en el escrito inicial del procedimiento que aunque había adquirido la finca por escritura de 28 de julio de 1909 autorizada por el notario Vicente Rodríguez Ortiz en Cayey, carecía de título escrito inscribible, y esa circunstancia la colocaba en condiciones de acogerse al beneficio de la información posesoria autorizada

por el artículo 391 de la Ley Hipotecaria. *Ex parte Berlanga,* 6 D. P. R. (2ª. ed.) 27; *Rivera* v. *El Registrador de Ponce,* 14 D. P. R. 258; *Soto* v. *El Registrador de Caguas,* 15 D. P. R. 612, e *Inchausti* v. *El Registrador de Guayama,* 17 D. P. R. 596.

Si la promovente hubiera tenido título escrito inscribible de seguro no hubiera acudido a una información posesoria, renunciando así a las ventajas que le proporcionaba un título de dominio inscribible.

En cuanto a los defectos apuntados como subsanables, entendemos que el defecto subsanable de no acreditarse el estado civil de la promovente en la fecha de la adquisición del inmueble quedó subsanado mediante la certificación del acta de su matrimonio con Pedro López a que ya hemos hecho referencia, como también quedó subsanado el otro defecto de no estar certificada por el secretario la resolución de la corte recaída en el expediente, pues en la certificación de la resolución enmendada hace constar el secretario que la anterior resolución dictada en el expediente es la original enmendada dictada por el juez de la corte; y respecto del defecto de no aparecer que sea firme la resolución recurrida, aunque no sea aplicable al caso la Ley No. 20, aprobada en 11 de marzo de 1918, tratándose como se trata de un expediente de información posesoria y no de dominio dicha resolución quedó firme desde la fecha de su pronunciamiento por el· hecho de estar impedidos tanto el promovente como el fiscal de interponer contra ella recurso de apelación. *Quiñones* v. *El Registrador de San Germán, supra.* Era favorable al promovente y el fiscal expresamente había manifestado que habiéndose observado todos los requisitos prescritos por la ley no se oponía a la aprobación del expediente a los efectos de su inscripción en el registro de la propiedad del distrito.

Por lo que atañe al defecto de no aparecer de la certificación del Tesorero de Puerto Rico que la promovente pagá contribución por la finca a título de dueña, es de observarse que el Tesorero certifica en 7 de febrero de 1918 que en el

reparto de contribuciones sobre la propiedad correspondiente al Municipio de Cayey, año económico de 1917–1918, en recibo No. 1493, cuyo importe por los dos semestres asciende a $2.40, aparece como contribuyente Elena Ruiz Ortiz por la propiedad radicada en el barrio de Pasto Viejo de dicho municipio, teniendo esa propiedad 9 cuerdas de terreno valoradas en $180 y una casa en $20. Si aparece como contribuyente la Elena Ruiz Ortiz indudablemente lo es en concepto de dueña. Artículos 2950 y 2952 de la Compilación de los Estatutos Revisados y Códigos de Puerto Rico. De todos modos el juez así lo apreció teniendo en cuenta dicha certificación y las demás pruebas aportadas al expediente y su apreciación no está sujeta a discusión por parte del registrador.

Por las razones expuestas es de revocarse la nota recurrida de 30 de abril de 1918, ordenándose al registrador que verifique la inscripción denegada sin defecto subsanables ni insubsanables.

> *Revocada la nota recurrida, ordenando al registrador que verifique la inscripción denegada sin defectos subsanables ni insubsanables.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.